# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

In the matter of:

Kristina Hope Howard
Chapter 13 Case No. 23-50574-MJK
    *Debtor(s).*

Kristina Hope Howard
    *Plaintiff(s)*

vs.

Adversary Proceeding
No. 23-05004-MJK

City of Douglas Utility Dept.
    *Defendant(s)*

### *SUMMONS IN ADVERSARY PROCEEDING*

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

Clerk, United States Bankruptcy Court
801 Gloucester St, Rm 314
Brunswick, GA 31520

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney (or the pro se plaintiff):

Franklin Hayes
Post Office Box 2377
Douglas, GA 31534

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

    ***Dana M. Wilson, Acting Clerk***
    United States Bankruptcy Court
    801 Gloucester St, Rm 314
    Brunswick, GA 31520



Date of issuance: **December 6, 2023**

*A-18[Rev. 09/22]* ***TGG***

# UNITED STATES BANKRUPTCY COURT
**Southern District of Georgia**

In the matter of:

Kristina Hope Howard
Chapter 13  Case No. 23-50574-MJK
    *Debtor(s).*

Kristina Hope Howard
    *Plaintiff(s)*

vs.

Adversary Proceeding
No. 23-05004-MJK

City of Douglas Utility Dept.
    *Defendant(s)*

## *NOTICE*
*(revised 9/2016)*

Pursuant to Local Rule 26, in all adversary proceedings assigned to Bankruptcy Judge Michele J. Kim, the parties are directed to comply with the following time limitations:

Within the earlier of 60 days after any defendant has been served with the complaint or 45 days after any defendant has appeared, the parties shall confer as provided in Fed.R.Civ.P. 26(f). L.R. 26.1(a).

Within 14 days after the required conference pursuant to Fed.R.Civ.P. 26(f), the parties shall submit to the Court a written report outlining their proposed discovery plan. This report shall conform to the language and format of the standard form furnished by the Clerk to the plaintiff upon the filing of the complaint. L.R. 26.1(b).

Upon receipt and review of the parties' written report, and within the time set by Fed.R.Civ.P. 16(b), the Court will promptly enter its Scheduling Order as provided in Fed.R.Civ.P. 16(b). L.R. 26.1(c).

Unless otherwise stated in the Scheduling Order issued pursuant to Fed.R.Civ.P. 16(b):

(i) the parties shall serve all written discovery on opposing parties and shall complete all depositions within 140 days of the filing of the last answer of the defendants named in the original complaint;

(ii) the plaintiff must furnish the expert witness reports required by Fed.R.Civ.P. 26(a)(2)(B) and provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) within 60 days after the Fed.R.Civ.P. 26(f) conference; and

(iii) the defendant must furnish the expert witness reports required by Fed.R.Civ.P. 26(a)(2)(B) and provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) within 90 days after the Fed. R.Civ. P. 26(f) conference (or 60 days after filing the answer, whichever is later). L.R. 26.1(d).

The Clerk will furnish a copy of this notice and the standard form for preparing the parties' Rule 26(f) written report to plaintiff's counsel upon the filing of the complaint. Plaintiff's counsel shall ensure that a copy of this notice and the standard form is served upon each defendant along with the complaint.

Plaintiff's counsel must comply with Rule 26(f). If a defendant or defendant's counsel fail to cooperate, then plaintiff's counsel shall submit a Rule 26(f) written report, at least seven (7) days before a scheduling conference is held or scheduling order is due, outlining the efforts of the plaintiff(s) to comply with Rule 26(f). If plaintiff(s) show proper cause, the Court could strike defendant's answer and enter a default judgment in favor of plaintiff(s). Failure of Plaintiff's counsel to comply with this mandate will result in notice of dismissal for failure to prosecute.



Michele J. Kim
United States Bankruptcy Judge
801 Gloucester St, Rm 314
Brunswick, GA 31520

Date of Issuance: **December 6, 2023**
*A−20[Rev. 09/16]* **TGG**

# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

In the matter of:

Kristina Hope Howard
Chapter 13  Case No. 23−50574−MJK
    *Debtor(s).*

Kristina Hope Howard
    *Plaintiff(s)*

vs.

City of Douglas Utility Dept.
    *Defendant(s)*

Adversary Proceeding
No. 23−05004−MJK

### RULE 26(f) REPORT FORMAT

1. Date of Rule 26(f) conference:

2. Parties or counsel who participated in conference:

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

4. If defendant(s) have failed to cooperate, please disclose plaintiff's efforts to comply with 26(f).

5. Date the Rule 26(a)(1) disclosures were made or will be made:

6. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

    (a) Identify the party or parties making the objection or proposal:

    (b) Specify the objection or proposal:

7. Local Rule 26.1(d) provides a 140−day period for discovery. If any party is requesting a reduction of or additional time for discovery,

    (a) Identify the party or parties requesting the change:

    (b) State the amount of time change the parties are requesting for discovery:

    (c) Identify the reason(s) for requesting the time change for discovery:

    (d) Please provide a brief statement in support of each of the identified reasons:

8. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a) Identify the party or parties requesting such limits:

    (b) State the nature of any proposed limits:

9. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| (a) Last day for filing motions to add or join parties or to amend pleadings | 60 days after issue is joined |
| (b) Last day to furnish expert witness report by plaintiff | 60 days after Rule 26(f) conference |

| | |
|---|---|
| (c) Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference or 60 days after the answer, whichever is later |
| (d) Last day to file Rule 7016(b) motion regarding entry of final orders and judgments | 30 days after close of discovery |
| (e) Last day to file civil motions, including Daubert motions, but excluding other motions in limine | 30 days after close of discovery |
| (f) Last day to file motions in limine other than Daubert motions | 7 days prior to the pre-trial conference |

(g) If any party requests a modification of any of these deadlines,

    (i) Identify the party or parties requesting the modification:

    (ii) State which deadline should be modified and the reason supporting the request:

10. If the case involves electronic discovery,

(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

(b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

11. If the case is known to involve claims of privilege or protection of trial preparation material,

(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

12. State any other matters the Court should include in its scheduling order:

13. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that hinder settlement of the case:

This _____ Day of _____, _____ .

                                              Signed _____
                                                              Attorney for Plaintiff(s)

                                                              _____
                                                              Attorney for Defendant(s)

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Kristina Hope Howard | City of Douglas Utility Dept. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| Franklin D. Hayes | |

**PARTY** (Check One Box Only)
- ☒ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor
- ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☒ Creditor
- ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of 11 U.S.C. §366 of United States Bankruptcy Code.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Kristina Hope Howard | BANKRUPTCY CASE NO.<br>23-50574 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District | DIVISION OFFICE<br>Waycross | NAME OF JUDGE<br>Michele J. Kim |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] | | |
| DATE<br>12/5/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Franklin W. Hayes | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
(WAYCROSS DIVISION)

| | | |
|---|---|---|
| In re:  Kristina Hope Howard | * | |
| Debtor, | * | **Chapter 13** |
| | * | **Case No.: 23-50574** |
| M. Elaina Massey | * | |
| Chapter 13 Trustee | | |
| | | |
| Kristina Hope Howard | * | |
| Plaintiff, | * | Judge Michele J. Kim |
| | | |
| Vs. | * | |
| | * | |
| | * | **Adversary Case No.: 23-05004** |
| City of Douglas Utility Dept., | * | |
| Defendant. | * | |

## ADVERSARIAL COMPLAINT

**COMES NOW, Kristina Hope Howard,** Debtor/Plaintiff by and through her Attorney of record and shows this Honorable Court the following:

### JURSIDICTION AND VENUE

1.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. There is a core proceeding as that term is defined by 28 U.S.C. §157. Further, the Court has jurisdiction to determine the issues in this case pursuant to 11 U.S.C § 366 of the United States Bankruptcy Code.

2.

The standing Chapter 13 Trustee in this case is M. Elaina Massey.

3.

The Defendant is the creditor in the above referenced case. The Defendant is subject to jurisdiction of this Court.

## FACTS AND BACKGROUND

4.

Debtor/ Plaintiff ("Plaintiff") filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 7, 2023, under case # 23-50574 in the Southern District of Georgia, Waycross Division.

5.

Plaintiff listed the City of Douglas Utility Department as a prioritized unsecured claim that she intended to pay through the chapter 13 plan in the amount of $400.00.

6.

At the time of filing, Plaintiff's water was shut off and she wanted to get her water turned back on with the notice of bankruptcy because she has children and desperately needed water for her family.

7.

Defendant refused to turn back on the water unless a $230.00 deposit was made.

8.

Plaintiff's attorney Franklin D. Hayes called Defendant stating that the debt would be paid through her chapter 13 bankruptcy and that under 11 U.S.C. § 366 of the Bankruptcy code

they had to give her twenty days to get the deposit paid.

9.

According to 11 U.S.C.§ 366 Utility service, (a) "A utility may not alter, refuse, or discontinue service, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due. (b) Such utility may alter, refuse, or discontinue service if nether the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

10.

Defendant refused to listen to Plaintiff's attorney or abide by the Bankruptcy code, so since the Plaintiff needed water for her family, her attorney Franklin D. Hayes went and paid the deposit for the water to be turned back on. If Plaintiff's attorney did not pay the deposit, Plaintiff would have had undue hardship with no access to water for a period of time.

11.

Plaintiff's attorney paid the $230.00 plus $20.00 on the water bill, so Plaintiff could get the water turned back on.

12.

Plaintiff requests punitive damages in the amount of $25,000.00 for the misconduct of Defendant's violation of the federal bankruptcy code.

**WHEREFORE,** the Debtor/Plaintiff prays:

a) The Defendant reimburse the $250.00 that was paid for the water.

b) Defendant pay Plaintiff punitive damages in the amount of $25,000.00 for their violation of the Federal Bankruptcy Code.

b) The Court set a hearing to determine all issues;

c) The Court enter a Final Judgment or Final Order in this case, to which Debtor/Plaintiff expressly consents; and,

d) The Court grant such other and further relief as this Court deems just and proper.

Respectfully Submitted, this 5th day of December, 2023.

/s/ Franklin D. Hayes
Franklin D. Hayes
Attorney for Debtor/Plaintiff

P.O. Box 2377
Douglas, GA 31534
(912) 383-6132-phone
GA Bar No.: 339910

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
(WAYCROSS DIVISION)

| | | | |
|---|---|---|---|
| In re: | Kristina Hope Howard | * | |
| | Debtor, | * | Chapter 13 |
| | | * | Case No.: 23-50574 |
| | M. Elaina Massey | * | |
| | Chapter 13 Trustee | | / |
| | | | |
| | Kristina Hope Howard | * | |
| | Plaintiff, | * | Judge Michele J. Kim |
| | | | |
| | Vs. | * | |
| | | * | Adversary Case No.: 23-05004 |
| | | * | |
| | City of Douglas Utility Dept. | * | |
| | Defendant. | | |

## CERTIFICATE OF SERVICE

I certify that on **December 7, 2023** the following parties have been served with the foregoing Adversarial Complaint & Summons, Notice, and Rule 26(f) Report Format by mailing a copy of same to them in properly addressed envelopes with postage sufficient to cover the cost of the same.

**By Electronic Mail:**
M. Elaina Massey
Ch. 13 Trustee
Notification by ECF

**By Certified mail upon the following:**
City of Douglas Utility Dept.
P.O. Box 470
Douglas, GA 31534

This 7th day of December, 2023.

/s/ Franklin D. Hayes
Franklin D. Hayes
Attorney for Debtor/Plaintiff

P.O. Box 2377
Douglas, GA 31534
(912) 383-6132-phone
fhayeslaw@yahoo.com
GA Bar No.: 339910