# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KRISTINA HOPE HOWARD | CASE NO. 23-50574 |
| Debtor, | |
| M. ELAINA MASSEY<br>Chapter 13 Trustee | |
| KRISTINA HOPE HOWARD, | Judge Michele J. Kim |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO.<br>23-05004 |
| CITY OF DOUGLAS UTILITY DEPT., | |
| Defendant, | |

## DEFENDANT CITY OF DOUGLAS UTILITY DEPARTMENT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ADVERSARIAL COMPLAINT

COMES NOW, Defendant City of Douglas Utility Department ("Defendant") in the above-styled action, and hereby asserts its answers and affirmative defenses to the Adversarial Complaint ("Complaint") of Kristina Hope Howard ("Debtor" or "Plaintiff") as follows:

### FIRST DEFENSE

Defendant asserts Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant asserts the defense of sovereign immunity to the fullest extent allowable by law.

### THIRD DEFENSE

Defendant has not consented to be sued nor have they waived their immunity from suit pursuant to the Eleventh Amendment to the United States Constitution.

1

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by Plaintiff's failure to provide proper ante litem notice pursuant to O.C.G.A. § 36-33-5.

**FIFTH DEFENSE**

Defendant asserts that punitive damages are not allowable against Defendant under Georgia law or under the Bankruptcy Code 11 U.S.C. § 106(a)(3).

**SIXTH DEFENSE**

Defendant asserts Plaintiff lacks standing in bringing this action against the City of Douglas Utility Department.

**SEVENTH DEFENSE**

Defendant denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies the Plaintiff is entitled to any relief whatsoever.

**EIGHTH DEFENSE**

Defendant reserves all rights to assert any and all additional affirmative defenses available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, that may become known through discovery. Without waiving any of the aforementioned defenses, Defendant responds to the enumerated paragraphs as follows:

**JURISDICTION AND VENUE**

1.

As to Paragraph 1 of the Complaint, Defendant denies that this Court has jurisdiction as Defendant is immune from suit, and sovereign immunity is a jurisdictional question. *See In re Otoh*, No. 20-61779-BEM, 2020 WL 6253674, at *6-7 (Bankr. N.D. Ga. Oct. 22, 2020) (In a Chapter 13 proceeding, the court held it did not have jurisdiction to consider punitive damages

against the government defendants. Ultimately, the court dismissed the complaint as to the government defendants).

2.

As to Paragraph 2 of the Complaint, Defendant admits the allegations therein.

3.

As to Paragraph 3 of the Complaint, Defendant denies that this Court has jurisdiction as Defendant is immune from suit, and sovereign immunity is a jurisdictional question. *See In re Otoh*, No. 20-61779-BEM, 2020 WL 6253674, at *6-7 (Bankr. N.D. Ga. Oct. 22, 2020).

## **FACTUAL BACKGROUND**

4.

As to Paragraph 4 of the Complaint, Defendant admits the allegations therein.

5.

As to Paragraph 5 of the Complaint, Defendant admits only that Plaintiff listed Defendant on Plaintiff's Schedule E/F [Doc. No. 1] as a priority unsecured claim holder in the amount of $400.00. As to the remaining allegations, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and therefore denies said allegations.

6.

As to Paragraph 6 of the Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and therefore denies said allegations. Defendant further denies the allegation as written because the language is vague and confusing as to what "at the time of filing" refers to (i.e. the bankruptcy petition, or the adversary complaint).

7.

As to Paragraph 7 of the Complaint, Defendant denies the allegations therein.

8.

As to Paragraph 8 of the Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and therefore denies said allegations. Defendant further denies the allegation as written because the language is vague does not state when the alleged call occurred.

9.

As to Paragraph 9, Defendant shows that this paragraph contains a legal conclusion to which no response is required; however, to the extent a response is required, Defendant denies the legal conclusion and denies the remaining allegations pled in paragraph 9 of the Complaint.

10.

As to Paragraph 10 of the Complaint, it sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant denies it refused to listen to Plaintiff's attorney. Further, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 referring to why Plaintiff's attorney allegedly loaned money to his client for living expenses and therefore denies said allegations.

11.

As to Paragraph 11 of the Complaint, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and therefore denies said allegations.

12.

As to Paragraph 12 of the Complaint, Defendant denies Plaintiff's characterization of Defendant as having engaged in "misconduct" and denies that punitive damages are available against Defendant. To the extend that a further response is required, Defendant denies.

WHEREFORE, the Defendant respectfully requests that this Court dismiss the Complaint with prejudice, that this Court award Defendant its fees and costs incurred herein, and that this Court take no action against the Defendant.

Respectfully submitted this 5th day of January, 2024.

**FREEMAN MATHIS & GARY, LLP**

/s/ Brian S. Goldberg
Georgia Bar No. 128007

*Attorney for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
T: 679-996-9140
F: 833-330-3669
Brian.Goldberg@fmglaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that on this date, I caused a copy of the foregoing **Answer and Affirmative Defenses to Plaintiff's Adversarial Complaint** to be served by electronic transmission and by depositing the same in the United States mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery as set forth below:

FRANKLIN HAYES ATTORNEY AT LAW
Franklin D. Hayes
P.O. Box 2377
Douglas, Georgia 31534
Email: fhayeslaw@yahoo.com

*Attorney for Debtor/Plaintiff*

This 5th day of January, 2024.

                              **FREEMAN MATHIS & GARY, LLP**

                              /s/ Brian S. Goldberg
                              Georgia Bar No. 128007

                              *Attorney for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
T: 679-996-9140
F: 833-330-3669
Brian.Goldberg@fmglaw.com