# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KRISTINA HOPE HOWARD | CASE NO. 23-50574 |
| Debtor, | |
| M. ELAINA MASSEY<br>Chapter 13 Trustee | |
| KRISTINA HOPE HOWARD, | Judge Michele J. Kim |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO.<br>23-05004 |
| CITY OF DOUGLAS UTILITY DEPT., | |
| Defendant, | |

### DEFENDANT'S MOTION TO DISMISS ADVERSARIAL
### COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Defendant City of Douglas Utility Department ("Defendant") in the above-styled action, and hereby moves to dismiss with prejudice the Adversarial Complaint ("Complaint") of Kristina Hope Howard ("Debtor" or "Plaintiff") pursuant to Federal Rule of Procedure 12(b)(6), as made applicable to this action by Federal Rule of Bankruptcy Procedure 7012, for failure to state a claim upon which relief can be granted. In support of its motion, Defendant states as follows:

### I. INTRODUCTION AND SUMMARY OF ALLEGATIONS

On November 7, 2023, Debtor commenced Bankruptcy Case No. 23-50574-MJK in the United States Bankruptcy Court for the Southern District of Georgia (the "Bankruptcy Case"). In the Complaint the Debtor alleges that "[a]t the time of filing, Plaintiff's water was shut off and she

1

wanted to get her water turned back on with the notice of bankruptcy because she has children and desperately needed water for her family." Compl. ¶ 6. The Debtor also alleges that "Defendant refused to turn back on the water unless a $230.00 deposit was made" and that "Plaintiff's attorney called Defendant stating that the debt would be paid through her chapter 13 bankruptcy and that under 11 U.S.C. § 366 of the Bankruptcy code they had to give her twenty days to get the deposit paid." *Id.* ¶¶ 7, 8. Debtor further alleges that "Defendant refused to listen to Plaintiff's attorney…so…her attorney…went and paid the deposit for the water to be turned back on." *Id.* ¶ 10. Debtor also claims that "Plaintiff's attorney paid the $230.00 plus $20.00 on the water bill, so Plaintiff could get the water turned back on." *Id.* ¶ 11.

Subsequently, Debtor filed the Adversarial Complaint against Defendant to seek reimbursement for the $250 payment. However, as the Complaint states, Debtor/Plaintiff did not pay the $250 at issue—her counsel did. Further, Debtor seeks punitive damages against Defendant in the amount of $25,000. *See* Compl. ¶ 12. As discussed below, a claim for punitive damages against Defendant cannot stand. The Bankruptcy Code expressly provides that punitive damages shall not be issued against a governmental unit, and Defendant undisputedly is a government unit. Therefore, Plaintiff's claims against Defendant fail as a matter of law.

For the foregoing reasons, the Adversary Complaint filed against City of Douglas Utility Department should be dismissed with prejudice.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Motion to Dismiss Standard

"Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, the Court shall dismiss a cause of action if it fails to state a claim upon which relief can be granted." *In re Clower*, 463 B.R. 573,

575 (Bankr. N.D. Ga. 2011). In ruling on a motion to dismiss, a court accepts as true all well pled factual allegations and construes the complaint in a light most favorable to the plaintiff. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc), *abrogated in part by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007). Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are facially plausible. *In re Durango Georgia Paper Co.*, 539 B.R. 896, 899 (Bankr. S.D. Ga. 2015) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

### B. **Plaintiff's claim for punitive damages fails as a matter of law because Defendant is a governmental unit.**

The case should be dismissed because Plaintiff has failed to show a waiver of sovereign immunity on behalf of City of Douglas Utility Department. 11 U.S.C. § 106(a)(3) states, "[t]he court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money

3

recovery, *but not including an award of punitive damages*. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28." (Emphasis added.) The Eleventh Circuit has dealt with this issue before. In *Jove Eng'g, Inc. v. I.R.S.*, the court declined to issue punitive-like claims against the IRS and stated, "Congress expressly declined to waive sovereign immunity for punitive damages." 92 F.3d 1539, 1542–43 (11th Cir. 1996). The Northern District of Georgia has held the same. *See In re Otoh*, No. 20-61779-BEM, 2020 WL 6253674, at *6-7 (Bankr. N.D. Ga. Oct. 22, 2020) (In a Chapter 13 proceeding, the court held it did not have jurisdiction to consider punitive damages against the government defendants. Ultimately, the court dismissed the complaint as to the government defendants).

The Complaint fails to state a claim for punitive damages upon which relief can be granted because the Bankruptcy code prohibits an award of punitive damages against a governmental unit. The City of Douglas Utility Department is a department within the City of Douglas, Georgia. Payments to Defendant are made at City Hall or through the city's government website. Further, the staff at the utility department are employees of the city. 11 U.S.C. § 106 is applicable to the instant action because Defendant is a governmental unit. Issuing punitive damages against a governmental entity would be in direct contravention with the Bankruptcy Code's plain language. The count for punitive damages should accordingly be dismissed.

Even if punitive damages were permitted (which they are not) Plaintiff's claim still fails because Plaintiff has failed to provide a proper *ante litem* notice to the City of Douglas. *See* O.C.G.A. § 36-33-5(a) ("No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any

action against the municipal corporation for such injuries, without first giving notice as provided in this Code section."). Plaintiff has failed to provide any *ante litem* notice to the City of Douglas, and therefore Debtor's Complaint is barred for that reason as well. *See Copeland v. Young*, 133 Ga. App. 54, 55, 209 S.E.2d 719, 720 (1974); *see also Harris v. City of Chattanooga*, 507 F. Supp. 374 (N.D. Ga. 1981) (Holding that statute requiring that notice of claim be presented to municipal corporation prior to bringing of lawsuit, and failure of wrongful death suit plaintiff to provide ante litem notice required by statute constituted both failure to exhaust remedies and failure to comply with statute of limitations, thus requiring dismissal of wrongful death suit.). In addition to sovereign immunity grounds, Debtor failed to state a cause of action as a matter of law because Debtor failed to provide the proper *ante litem* notice as required by law.

### C. **Plaintiff does not have standing to bring this action against Defendant.**

According to the Complaint, Plaintiff's Attorney paid the utility fees, but it is Debtor Howard who is seeking repayment for the fees. *See* Compl. ¶¶ 10, 11. The minimum constitutional requirements for standing are (1) an injury in fact; (2) that the injury is fairly traceable to the alleged misconduct of the defendant; and (3) that a favorable decision is likely to redress the injury. *See E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1990). Debtor fails to show they have been injured. Throughout the Complaint, Debtor asserts their attorney is the one who paid Defendant a total of $250. *See* Compl. ¶¶ 10, 11. The third requirement is also not met because Debtor did not suffer the injury. Finding standing in Debtor would not redress the injury because Debtor would be reimbursed for something they themselves did not provide. A decision in their favor would arguably result in unjust enrichment, not a redress of the injury. Debtor does not have standing to bring this claim against the City of Douglas Utility Department.

If any claim exists in this case, perhaps it is Debtor's attorney against the Debtor for loaning money for living expenses during the pendency of a bankruptcy case. By the Debtor's own

admissions, "the Plaintiff's attorney paid the $230.00 plus $20.00 on the water bill, so Plaintiff could get the water turned back on." *See* Compl. ¶ 11. Thus, it appears that the Debtor's attorney needs to file a proof of claim for reimbursement from the debtor for the money loaned to the Debtor for the Debtor's living expenses. Even if the Debtor had paid $250.00 to the City of Douglas (which she did not) there is no legal basis for reimbursement. It appears the Debtor's attorney is attempting to utilize the adversary complaint process to collect money from the City of Douglas which in fact his own client owes him—not Defendant. Accordingly, the Adversary Complaint should be dismissed as Plaintiff has no standing to bring a claim for reimbursement.

### III.  CONCLUSION

Accordingly, the Complaint should be dismissed. Defendant respectfully requests this Court:

1. Dismiss with prejudice Plaintiff's Complaint;

2. Enter judgment in favor of Defendant and against Plaintiff;

3. Award Defendant their reasonable attorney's fees, costs, and expenses; and

4. Award all other relief to Defendant that this Court deems necessary and proper.

This 5th day of January, 2024.

**FREEMAN MATHIS & GARY, LLP**

/s/ Brian S. Goldberg
Georgia Bar No. 128007

*Attorney for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
T: 679-996-9140
F: 833-330-3669
Brian.Goldberg@fmglaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on this date, I caused a copy of the foregoing **Motion to Dismiss** to be served by electronic transmission and by depositing the same in the United States mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery as set forth below:

FRANKLIN HAYES ATTORNEY AT LAW
Franklin D. Hayes
P.O. Box 2377
Douglas, Georgia 31534
Email: fhayeslaw@yahoo.com

*Attorney for Debtor/Plaintiff*

This 5th day of January, 2024.

          **FREEMAN MATHIS & GARY, LLP**

          /s/ Brian S. Goldberg
          Georgia Bar No. 128007

          *Attorney for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
T: 679-996-9140
F: 833-330-3669
Brian.Goldberg@fmglaw.com